```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION


L.H. MANNING, VIRGINIA WARREN,
JOHN HENRY MANNING, EVA MANNING,
AND GEANNIE JONES                                    PLAINTIFFS

VS.                         CIVIL ACTION NO. 5:13-cv-238(DCB)(MTP)

JOAN FRITSCHEN MANNING,
INDIVIDUALLY AND AS EXECUTRIX
OF THE ESTATE OF EDWARD RICHARD
MANNING, DECEASED, AND ROBERT
PERRY AND WIFE PAIGE PERRY                           DEFENDANTS
```

ORDER

This cause is before the Court on the plaintiffs' Motion Seeking Temporary Restraining Order, Preliminary Injunction and Other Relief (hereinafter "Federal Motion for Injunctive Relief") (docket entry 18), and Motion for Hearing Date (docket entry 24). The Court has reviewed the plaintiffs' motions, the Complaint and Answers[1] in this case, the defendants' Opposition to the Federal Motion for Injunctive Relief, and the plaintiffs' Response to Defendants' Opposition, and now finds as follows:

The plaintiffs' Complaint was filed on December 26, 2013. The Complaint seeks a determination of ownership of land, recovery of land, and damages against the defendants. The plaintiffs allege jurisdiction pursuant to 28 U.S.C. § 1332 (amount of controversy in

---

[1] The defendants' original answer was filed January 27, 2014. An amended answer was filed April 18, 2014. The Court detects no substantive changes in the amended answer, merely clarifying language in paragraphs 1 and 22.

excess of $75,000, and complete diversity of citizenship between the parties). Complaint, ¶ 1. The Complaint also recites that a Complaint to Recover Land was filed in the Chancery Court of Pike County, Mississippi, on August 13, 2013, bearing Cause Number 2013-0421, and that a Complaint for Injunctive Relief bearing Cause Number 2013-0081 was filed in the Pike County Chancery Court, also on August 13, 2013. Complaint, ¶ 9.

In their Answer to the present Complaint, the defendants raise the affirmative defenses of estoppel, laches, res judicata, statute of frauds, and waiver. Specifically, they allege that adversarial proceedings were filed in the Chancery Court of Pike County by the plaintiffs, and that the matters raised in the present Complaint "have been resolved and/or are pending in the Chancery Court of Pike County, Mississippi." Answer, ¶ 2. Furthermore, the defendants allege that the Chancery Court (1) determined there was no fraudulent conveyance to the defendants, Answer, ¶ 5, and (2) adjudicated that defendant Joan Marie Fritschen was the sole owner of the land at issue. Answer, ¶ 7.

"The doctrine of res judicata under Mississippi law bars parties from litigating claims 'within the scope of the judgment' of a prior action." LaCroix v. Marshall County, Mississippi, 409 Fed.Appx. 794, 800 (5th Cir. 2011)(unpublished)(quoting Anderson v. LaVere, 895 So.2d 828, 832 (Miss. 2004)). "This includes claims that were made or should have been made in the prior suit."

2

Anderson, 895 So.2d at 832.  In Harrison v. Chandler-Sampson Ins., Inc., the Mississippi Supreme Court identified several public-policy purposes for the doctrine: to "avoid the expense and vexation attending multiple lawsuits;" "conserve judicial resources;" and "foster reliance on judicial action by minimizing the possibilities of inconsistent decisions."  891 So.2d 224, 232 (Miss. 2005).

The related doctrine of collateral estoppel, or issue preclusion, "precludes relitigation of issues actually adjudicated and essential to the judgment in prior litigation involving a party to the first case."  LaCroix v. Marshall County, Mississippi, 2009 WL 3246671 *6 (N.D. Miss. Sept. 30, 2009)(citing Allen v. McCurry, 449 U.S. 90, 94 (1980)).

When the plaintiffs filed their Federal Motion for Injunctive Relief, they had fair notice of the defendants' affirmative defenses of res judicata and collateral estoppel, as required by Fed.R.Civ.P. 8(c).  "The purpose of [requiring res judicata and collateral estoppel to be pled] is to give the opposing party notice of the plea of estoppel and the chance to argue, if he can, why the imposition of an estoppel would be inappropriate." Blonder-Tongue Labs. v. Univ. Found., 402 U.S. 313, 350 (1971). However, the plaintiffs' only response to the defendants' affirmative defenses is an acknowledgment by the plaintiffs that they previously "filed a lawsuit in the Chancery Court of Pike

3

County seeking to recover the land, as well as a petition for injunctive relief." Federal Motion for Injunctive Relief, p. 2. See also Plaintiffs' Response to Defendants' Opposition to Plaintiffs' Motion, p. 2 (acknowledging that the plaintiffs brought a lawsuit to determine ownership of the subject property in the Chancery Court of Pike County, Mississippi).

Res judicata and collateral estoppel have the potential of obviating the need for a hearing on the plaintiffs' federal motion for injunctive relief. See Williams v. Liberty Bank, 2008 WL 2704676 *1-2 (E.D. Mich. July 9, 2008). Therefore, the Court shall require the parties to brief the issues of res judicata and collateral estoppel, See LaCroix, 409 Fed.Appx. at 797, and to address additional concerns as set forth below.

A federal court may also require, sua sponte, the parties to brief abstention issues where they would potentially moot a plaintiff's motion for preliminary injunction or temporary restraining order. See, e.g., Van Tassel v. Lawrence County Domestic Relations Section, 2009 WL 2588815 *2 (W.D. Pa. Aug. 19, 2009). See also Nagy v. Wells Fargo Bank, N.A., 2012 WL 5409730 *2 (N.D. Tex. July 27, 2012)(federal court has responsibility to consider question of subject matter jurisdiction, including Rooker-Feldman doctrine, if not raised by the parties)(citing Burge v. Parish of St. Tammany, 187 F.3d 452, 465-66 (5th Cir. 1999) and Giannakos v. M/V Bravo Trader, 762 F.2d 1285, 1297 (5th Cir. 1985)).

In <u>Van Tassel</u>, the district court found that the "[p]laintiffs' federal claims [were] nothing more than an impermissible collateral attack on ... state court orders," and that the district court lacked subject matter jurisdiction to review the plaintiffs' federal claims under the <u>Rooker-Feldman</u> doctrine. <u>Id</u>. <u>Colorado River</u> abstention could also be pertinent, depending on the status of the state court litigation. <u>See</u> <u>Application of Horler</u>, 799 F.Supp. 1457, 1462 (S.D. N.Y. 1992).

Finally, the Court finds that the probate exception to federal jurisdiction may apply (again, depending on the status of the state court case). "The probate exception is a judge-made exception that precludes federal courts from interfering with probate proceedings." <u>Ekhol v. T.D. Ameritrade, Inc.</u>, 2013 WL 4223128 *3 (N.D. Tex. Aug. 14, 2013). <u>See</u> <u>also</u> <u>Marshall v. Marshall</u>, 547 U.S. 293, 311-12 (2006)("[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court.").

The parties have only vaguely informed the Court of the nature of the relief they seek and why they should be entitled to it. Before the Court can assess the merits of either side's case, the parties must brief the issues raised by the Court to the extent they are pertinent. Furthermore, the parties must provide the

Court with the entirety of the state court complaint and answer; any state trial court judgments; any appellate state court rulings; and any portions of the state court record, trial or appellate, which either side deems relevant to the issues before this Court. All of the above should be authenticated so that the Court may take judicial notice of the pertinent record.

The defendants shall therefore be allowed to file a motion to dismiss or other appropriate motion, within fourteen (14) days from the date of entry of this Order.  Responsive and rebuttal briefs shall be filed in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.  The plaintiffs shall also be allowed, at the time they file their responsive brief, to supplement their brief in support of their Federal Motion for Injunctive Relief, and any further responsive and rebuttal briefs shall be filed in accordance with the aforementioned rules.

Accordingly,

IT IS HEREBY ORDERED that the defendants are allowed fourteen (14) days from the date of entry of this Order to file an appropriate motion as set forth herein, and further briefing shall be allowed, also as set forth herein.

SO ORDERED, this the 5th day of August, 2014.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE