IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


L. H. MANNING, VIRGINIA WARREN,
JOHN HENRY MANNING, EVA MANNING,
AND GEANNIE JONES                                     PLAINTIFF

VS.                      CIVIL ACTION NO. 5:13-cv-238(DCB)(MTP)

JOAN FRITSCHEN MANNING, INDIVIDUALLY
AND AS EXECUTRIX OF THE ESTATE OF
EDWARD RICHARD MANNING, DECEASED, AND
ROBERT PERRY AND WIFE, PAIGE PERRY                   DEFENDANTS


MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendants' motion to dismiss for failure to join a required party **(docket entry 54)**. Having carefully considered the motion and the plaintiffs' response, the memoranda of the parties and the applicable law, and being fully advised in the premises, the Court finds as follows:

Rule 12(b)(7) of the Federal Rules of Civil Procedure provides that a party may assert, by motion, the defense of "failure to join a party under Rule 19." Fed.R.Civ.P. 12(b)(7). Rule 19, "Required Joinder of Parties," provides as follows:

**(a) Persons Required to Be Joined if Feasible.**

    **(1)** *Required Party*. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

        **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or

        **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

**(i)** as a practical matter impair or impede the person's ability to protect the interest; or

**(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

**(2)** *Joinder by Court Order.*  If a person has not been joined as required, the court must order that the person be made a party.  A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

**(3)** *Venue.*  If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.

**(b) When Joinder Is Not Feasible.**  If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.  The factors for the court to consider include:

**(1)** the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

**(2)** the extent to which any prejudice could be lessened or avoided by:

**(A)** protective provisions in the judgment;

**(B)** shaping the relief; or

**(C)** other measures;

**(3)** whether a judgment rendered in the person's absence would be adequate; and

**(4)** whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

**(c) Pleading the Reasons for Nonjoinder.**  When asserting a claim for relief, a party must state:

**(1)** the name, if known, of any person who is required to be joined if feasible but is not joined; and

2

**(2)** the reasons for not joining that person.

Fed.R.Civ.P. 19.

The plaintiffs filed their Complaint on December 26, 2013, seeking a determination of ownership of land, recovery of land, and damages against the defendants.  The plaintiffs allege jurisdiction pursuant to 28 U.S.C. § 1332 (amount of controversy in excess of $75,000, and complete diversity of citizenship between the parties).  Complaint, ¶ 1.  The Complaint also recites that previously a Complaint to Recover Land was filed in the Chancery Court of Pike County, Mississippi, on August 13, 2013, bearing Cause Number 2013-0421, and that a Complaint for Injunctive Relief bearing Cause Number 2013-0081 was filed in the Pike County Chancery Court, also on August 13, 2013.  Complaint, ¶ 9.  On December 2, 2013, the plaintiffs voluntarily dismissed their state court Complaints without prejudice.

In the present action, the plaintiffs allege that on February 22, 2013, a decree was entered by the state court, probating the Last Will and Testament of Edward Richard Manning and appointing his widow, Joan Fritschen Manning, as executrix of Edward's estate. On June 24, 2013, a Judgment closing the estate was entered, adjudging Joan to be Edward's sole heir-at-law and owner of the land in Pike County which is at issue in this action.  On or about October 4, 2013, Joan sold the land to Robert and Paige Perry who, along with Joan, are named defendants in the Complaint.

3

The plaintiffs further allege that the land at issue did not belong to Edward alone, but was being held by him at the time of his death in an implied (constructive or resulting) trust for himself and his siblings who are the named plaintiffs in the Complaint.  The plaintiffs contend that when their parents conveyed the land to Edward by Quitclaim Deed, they intended him to hold the land in trust for the benefit of himself and his siblings, and to subsequently divide the land equally among himself and his siblings.  Further, they allege that the land was mistakenly included in Edward's Last Will and Testament.  The plaintiffs seek to have the Quitclaim Deed set aside and have the land conveyed to them.

On or about October 21, 2013, a deed of trust was recorded among the land records of Pike County in which the Perrys are named mortgagors and Pike National Bank the lender and mortgagee.  In their motion, the defendants contend that Pike National Bank's presence is required for the resolution of this action, but that its presence would destroy complete diversity among the parties, thus requiring dismissal pursuant to Rule 12(b)(7).  Consideration of a motion to dismiss for failure to join a required party brought under Rule 12(b)(7) begins with the factors set forth in Rule 19.

The Court recognizes that after the 2007 amendments to the Rules, Rule 19 no longer asks whether a party is "necessary," nor does it include the term "indispensable."  See Republic of

Phillippines v. Pimentel, 553 U.S. 851, 855 (2008)(noting the changes to Rule 19).  However, the Advisory Committee's Notes make clear that the Amendment, including the change from "necessary" to "required," and the omission of the term "indispensable," were "intended to be stylistic only."  Rule 19, advisory committee's notes to 2007 amendment.

Rule 19 addresses distinct but related questions concerning compulsory joinder, and its structure requires a two-step analysis. First, it sets forth the standard employed to determine whether it is necessary that a court join an absent party to the action when feasible.  In order to make this determination, the court must consider whether a person or entity not presently a litigant is a "required party."  A "required party" is one who is "subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction." Rule 19(a)(1). The "required party" must also satisfy one of Rule 19(a)'s two subsections: "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."  Rule 19(a)(1)(A)&(B).

Rule 19(b), in turn, sets forth four factors for deciding whether the court should allow the litigation to proceed when the joinder of an otherwise required party is not feasible because it would destroy subject matter jurisdiction or violate venue principles, a question that the court need not reach if the absent party is not necessary under Rule 19(a).  See Rule 19(b)(1)-(4).

"[T]he criteria set forth in Rule 19(a)(1) are not to be applied mechanically nor are they to be used to override compelling substantive interests." Schutten v. Shell Oil Co., 421 F.2d 869, 873 (5th Cir. 1970).  "The inquiry contemplated by Rule 19(a) is a practical one, and is addressed to the sound discretion of the court." R-Delight Holding LLC v. Anders, 246 F.R.D. 496, 499 (D. Md. 2007)(citation omitted).  There is no precise formula for deciding whether joinder is required under Rule 19(a); instead, determinations under the Rule are heavily influenced by the particulars of individual cases.  7 Charles Alan Wright et al., Federal Practice and Procedure § 1604 (3d ed.).  Federal law controls the question of joinder regardless of whether jurisdiction is founded on diversity of citizenship or federal question. Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102 (1968)("Provident Bank").  However, where state law causes of action are at issue, a court may look to state law in determining whether an outside party has a sufficient interest in a controversy to require joinder.  Dore Energy Corp. v. Prospective Inv. &

6

Trading Co., 570 F.3d 219, 231 (5th Cir. 2009); Shell W. E&P Inc.
v. Dupont, 152 F.R.D. 82, 85 (M.D. La. 1993).

The Mississippi Supreme Court has held that the proper and
complete adjudication of a dispute involving real property cannot
be made in the absence of the persons owning interests in the
property affected. Aldridge v. Aldridge, 527 So.2d 96, 98 (Miss.
1988). The federal rules seek to bring all persons that may have
an interest in the subject property together in one forum so that
the lawsuit can be fairly and completely disposed of. See
Fed.R.Civ.P. 19 advisory note. Rule 19 seeks to bring into a
lawsuit all persons who ought to be there by requiring joinder.

Pike National Bank claims an interest in the subject property
as mortgagee under a deed of trust given by the Perrys. The Court
cannot accord complete relief among the existing parties in the
Bank's absence. Further, the Bank's absence may impair or impede
its ability to protect its interest, and may leave the existing
parties subject to a substantial risk of double, multiple or
inconsistent obligations. The Bank is therefore a required party
under Rule 19(a).

In circumstances where the litigation should not proceed
without absent persons, the federal suit should be dismissed.
Pulitzer-Polster v. Pulitzer, 784 F.2d 1305, 1308-09 (5th Cir.
1986). Rule 19(b) guides the court in deciding whether the suit
should be dismissed if the absent person cannot be joined.

> [T]he factors enumerated in Rule 9(b) may be delineated as the interests that affect four categories of persons: the plaintiff, the defendant, the absentees and the public.  First to be considered is the plaintiff's interest in a federal forum, second, the defendant's interest in avoiding "multiple litigation, or inconsistent relief, or sole responsibility for a liability he shares with another," third, the absentees' interest in avoiding prejudice from the proceeding, and fourth, the interest of the courts and the public in complete, consistent, and efficient settlement of controversies.

Id. at 1312 (citing Provident Bank, 390 U.S. at 109-11).  In this case, the plaintiffs' interest in the federal forum is weak. Relief is available to them in the state court, where they originally filed suit, and which is as convenient to the parties and witnesses as is the federal court.  Furthermore, the allegations in the plaintiffs' Complaint involve court proceedings which took place in the state court, with which that court is more familiar.  The defendants' interest in avoiding multiple litigation or inconsistent relief is also clear, as discussed above, as is the possibility of prejudice to Pike National Bank, which would be impaired or impeded from protecting its interest in the property. The Court finds that the prejudice to the parties cannot be lessened or avoided by protective provisions in the judgment, by the shaping of relief, or other measures.  Rule 19 also considers the public's interest in efficient dispute resolution.  Here, there is a possibility of multiple litigation and its attendant burdens on the parties and the court system.  The Mississippi state court provides an adequate remedy, and there is no special reason the

suit should be brought in federal court.

When considering whether joinder under Rule 19 will destroy subject matter jurisdiction, the Court must align the parties according to the purpose of the suit and the primary and controlling matter in dispute. <u>City of Indianapolis v. Chase National Bank</u>, 314 U.S. 63, 69-70 (1941). The Court finds that Pike National Bank's interest lies with the defendants. Both the Bank and the Perrys have an interest in the property covered by the mortgage.

The plaintiffs contend that Pike National Bank should be aligned as a plaintiff. However, in general only the party who initiates the lawsuit should be saddled with the procedural burdens of a plaintiff. <u>See</u> 7 Charles Alan Wright, et al., <u>Federal Practice and Procedure</u> § 1605 (3d ed.). The Bank should not be made an involuntary plaintiff because its interest lies with the Perrys and against the plaintiffs. <u>See Haas v. Jefferson National Bank</u>, 442 F.2d 394 (5th Cir. 1971)(owner of stock who pledged stock as collateral to bank was aligned with defendant bank and against plaintiff who was suing the bank for rights to the stock).

The Bank is considered a resident citizen of Mississippi for jurisdictional purposes, as is plaintiff L.H. Manning. Thus, joinder of the Bank is not feasible since it would divest the Court of subject matter jurisdiction, and this action must be dismissed pursuant to Rule 12(b)(7).

Accordingly,

IT IS HEREBY ORDERED that the defendants' motion to dismiss for failure to join a required party **(docket entry 54)** is GRANTED. A final judgment dismissing this case without prejudice shall follow.

SO ORDERED, this the 12th day of January, 2015.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE